813 F.2d 570
 17 Envtl. L. Rep. 20,534
 CITIZENS FOR AN ORDERLY ENERGY POLICY, INC., Vance L.
Sailor, Eena-Mai Franz, John J. Foley and Dorothy
V. Sheehan, Plaintiffs-Appellants,
Long Island Lighting Company and the Shoreham-Wading River
Central School District, Intervenors-Plaintiffs-Appellants,
v.
The COUNTY OF SUFFOLK and Peter F. Cohalen, Defendants-Appellees.
 Nos. 570, 571, 573, Docket 85-7321, 85-7323, 85-7325.
 United States Court of Appeals,
Second Circuit.
 Argued Dec. 18, 1986.
Decided March 9, 1987.
 
 Lucinda Low Swartz, Kensington, Md. (Ronald A. Zumbrun, Pacific Legal Foundation, Sacramento, Cal., of counsel), for plaintiff-appellant Citizens for an Orderly Energy Policy, Inc.
 K. Dennis Sisk, New York City (Adeeb Fadil, Hunton & Williams, New York City, W. Taylor Reveley, III, Kathy E.B. McCleskey, Hunton & Williams, Richmond, Va., Anthony F. Earley, Jr., Long Island Lighting Co., Hicksville, N.Y., of counsel), for Intervenor-plaintiff-appellant Long Island Lighting Co.
 J. Scott Greer, Poughkeepsie, N.Y. (Lou Lewis, Poughkeepsie, N.Y., of counsel), for Intervenor-plaintiff-appellant Shoreham-Wading River Central School Dist.
 David A. Brownlee, Pittsburgh, Pa. (Michael J. Lynch, Kenneth M. Argentieri, Kirkpatrick & Lockhart, Pittsburgh, Pa., Herbert H. Brown, Lawrence C. Lanpher, Kirkpatrick & Lockhart, Washington, D.C., Martin B. Ashare, Suffolk County Dept. of Law, Hauppaug, N.Y., of counsel), for defendants-appellees.
 Before TIMBERS, MESKILL and KEARSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from a judgment entered March 21, 1986, in the United States District Court for the Eastern District of New York, Altimari, J., dismissing the claims of plaintiff Citizens for an Orderly Energy Policy (Citizens) and intervenors Long Island Lighting Company (LILCO) and Shoreham-Wading River Central School District (District) under Fed.R.Civ.P. 12(b). Citizens, LILCO and District allege that the County of Suffolk passed certain resolutions which violate and are preempted by the Atomic Energy Act, 42 U.S.C. Secs. 2011 et seq. (1982). They also complain that Suffolk's resolutions violate 42 U.S.C. Sec. 1983 (1982) on statutory, due process and equal protection grounds.
 
 
 2
 We affirm the judgment below substantially for the reasons set forth in the district court's opinion, 604 F.Supp. 1084 (E.D.N.Y.1985), and write solely to address appellants' contention that the district court based its decision on the erroneous assumption that LILCO would receive, without difficulty, an operating license from the Nuclear Regulatory Commission.
 
 BACKGROUND
 
 3
 The events giving rise to the litigation in the district court are set forth in the district court opinion, 604 F.Supp. at 1087-89, and we assume familiarity with them. Less than one month after the district court issued its decision, the Nuclear Regulatory Commission's licensing board denied LILCO's application for an operating license on the ground that Suffolk's refusal to cooperate rendered LILCO's proposed radiological emergency plan inadequate. Long Island Lighting Co. (Shoreham Nuclear Power Station, Unit 1) LBP-85-31, 22 N.R.C. 410 (August 26, 1985). On appeal, the Commission reversed the licensing board's decision and remanded, directing the board to assume that, in an actual emergency, Suffolk would act responsibly and would use LILCO's plan as the best source of information and options for its emergency response. Long Island Lighting Co. (Shoreham Nuclear Power Station, Unit 1) CLI-86-13 (July 24, 1986). The licensing board has not yet issued its final decision on LILCO's application.
 
 DISCUSSION
 
 4
 Appellants contend that the district court based its decision on the incorrect perception that Suffolk's resolutions would not impede LILCO's application process. As noted above, the Commission's licensing board initially denied LILCO's application due to a determination, subsequently reversed by the Commission, that Suffolk's resolutions prevented LILCO from submitting an adequate emergency plan. Appellants contend that the district court's alleged misperception of the effect of Suffolk's resolutions on the licensing process somehow requires reversal.
 
 
 5
 Appellants misread the district court's opinion. The court did not base its decision on the assumption that LILCO would receive an operating license. Rather, the district court simply recognized that Suffolk's resolutions do not prevent LILCO from applying for its license. 604 F.Supp. at 1094, 1097-98. The court further noted that only the licensing board, not Suffolk, could deny LILCO's application. We find no support for appellants' contention that the district court based its decision on the assumption that LILCO would receive an operating license.
 
 
 6
 The opinion below requires no further elaboration. Suffolk has not affirmatively prevented LILCO from pursuing its license. Suffolk simply has refused to cooperate. LILCO's remedies lie in attacking any improper affirmative act Suffolk might take to obstruct LILCO in the application process.
 
 
 7
 The judgment of the district court is affirmed.